IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

In re:                                          )
                                                )
RICHARD AND CAROLYN ADAMS,      )   Case No. 07-41402-13
                                                )
            Debtors.                         )

**<u>MEMORANDUM OPINION</u>**

The matter before the Court in this case is the objection by the Trustee to the claim by debtors Richard and Carolyn Adams ("Debtors") of a Florida homestead exemption in property located in Gladstone, Missouri. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B). The Trustee contends the Debtors cannot use Florida exemption law for a homestead located in Missouri. Debtors contend that under § 522(b)(3)(A), Florida's exemption laws are applicable because that is where they resided for the greater part of the 180 day period immediately preceding the 730 day period before filing. This opinion contains the Court's Findings of Fact and Conclusions of Law as required by Rule 52 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For all the reasons stated below, the Court sustains the Trustee's objection to the Debtors' claim of Florida exemption law to the property located in Missouri.

I. BACKGROUND

Debtors resided in Florida from 2000 until February 15, 2006, at which time they moved to Missouri. On February 15, Debtors purchased a home in Gladstone, Missouri for $118,000. Debtor's Brief, p. 1. Debtors filed a bankruptcy petition on April 30, 2007. On Debtors' Schedule C, they claimed household goods, a 1998 GMC van, and their home as exempt under

Florida exemption law. On May 24, 2007, the Trustee filed an objection to Debtors' exemptions contending that Debtors are not eligible to claim the property exempt under Florida law because they are not residents of the state of Florida. Debtors responded that under § 522(b)(3)(A), Florida's exemption laws are applicable because that is where they resided for the greater part of the 180 day period immediately preceding the 730 day period before filing. On July 16, 2007, the Court held a hearing on the matter and thereafter both parties filed briefs.

## II. DISCUSSION AND ANALYSIS

Debtors claimed a homestead exemption in their Missouri home in the amount of $104,273.00 pursuant to the laws of the State of Florida. They also sought an exemption of $2,000 for household goods and $2,000 for a vehicle under Florida law.[1] The Trustee argued that Debtors could not use Florida exemption laws because they resided in, and the property was located in, Missouri at the time they filed the bankruptcy petition.

Bankruptcy Code § 522(b)(3)(A) provides that debtors may exempt "any property that is exempt under Federal law, . . ., or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place. . . ."[2] Accordingly, as the parties agree, Florida's

---

[1] Florida State Constitution Article 10, § 4(a)(1) and Florida Annotated Statutes § 222.25 are the relevant Florida laws.

[2] The Court notes that the amendments to § 522 of the Bankruptcy Code now provide debtors with the right to claim federal exemptions if the effect of the domiciliary requirement is to render them ineligible for any exemption.

exemption laws would be applicable in this case if, under Florida law, non-residents are allowed to claim Florida's exemptions.[3] Otherwise, Debtors will be entitled to the federal exemptions. *See* Trustee's Brief, ¶ 9; Debtors' Brief, ¶ 8. Pursuant to § 522(b)(3)(A), because Debtors lived in Florida the greater part of the 180 day period immediately preceding the 730 day period before filing, the Court must analyze Florida's exemption law to determine its applicability to non-residents.

Article X, Section 4 of the Florida Constitution provides the Florida exemption law and its plain language does not specifically address whether Florida's exemptions have extraterritorial effect.[4] The Court must then look to Florida case law in an attempt to determine how the Florida courts have interpreted the applicability of Florida exemption law to property located outside the state. Other courts, where the exemption statutes are silent on the homestead issue, have held generally that their homestead laws do not have extraterritorial effect. *See, e.g., In re Drenttel*, 309 B.R. 320, 325 (B.A.P. 8th Cir. 2004) (noting the general proposition and citing *In re Sipka*, 149 B.R. 181, 182-83 (D. Kan. 1992)). These and older state court cases cited therein generally provide that one state should not exercise jurisdiction over assets not located within its borders. *See Drenttel*, 309 B.R. at 324. Florida courts agree with those other courts.

---

[3]This is the wording the parties use in their briefs. However, the Court believes that the actual issue is not whether Debtors are residents of Florida but whether the property to be claimed exempt is located in Florida or elsewhere.

[4]Florida Constitution Article X, Section 4 provides that there shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes, an assessment thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person: 1) a homestead, if located outside the municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or owner's family; 2) personal property to the value of one thousand dollars.

In *In re Sanders*, 72 B.R. 124 (Bankr. M.D. Fla. 1987), the debtor had a mobile home located in Tennessee for which she received insurance proceeds due to a fire. She attempted to exempt those proceeds under Florida law but the court found that the homestead must be located within the state of Florida in order for the Florida homestead exemption to be applicable. Similarly, in *In re Schlakman*, 2007 WL 1482011 (Bankr. S.D. Fla. 2007), the debtor attempted to exempt real property located in New York under the Florida exemption laws. That court conceded that "the homestead exemption is to be liberally construed in favor of protecting the family home", *In re Englander*, 95 F.3d 1028 (11th Cir. 1996), and that "[t]he purpose of Florida's homestead provision is to protect families from destitution and want by preserving their homes." *See In re Kellogg*, 197 F.3d 1116, 1120 (11th Cir. 1999). Ultimately, however, the *Schlakman* court found that Florida courts have construed the Florida Constitution to require that a homestead be located within the State of Florida for the Florida homestead exemption to be applicable. 2007 WL 1482011, *3. The court reasoned that its holding would discourage debtors from forum shopping to take advantage of Florida's generous homestead exemption *and also* recognizes that the state exemption laws were drafted to protect the homes of families located within the state and should not be applied with extraterritorial force. *Schlakman*, 2007 WL 1482011, *3 (and cases cited therein); *see also, In re Dicks*, 341 B.R. 327 (Bankr. M.D. Fla. 2006) (holding Florida exemption laws not applicable to property located in other states); *see also, e.g., Havoco v. Hill*, 255 F.3d 1321 (11th Cir. 2001) ("...Florida homestead law would only protect the homestead acquired in Florida.")

Debtors argue that the policy of discouraging forum shopping is not applicable in their context because instead of moving into Florida to take advantage of its homestead exemption,

4

they in fact moved out of Florida and into Missouri. Even accepting their argument that this is not the classic case of forum shopping the Florida courts sought to discourage, the *Schlakman* court specified *two* public policies behind its reasoning that Florida's exemption statutes do not have extraterritorial effect, and Debtors fail to overcome the second policy reason. The second public policy behind the Florida court's decision was that the exemption laws were drafted to protect the homes of families located within the state, and the Debtors in this case of course are not located within the state. The court noted two important policy reasons for its finding that the Florida homestead exemption only applies to homesteads situated in the State of Florida, and Debtors clearly do not promote the second stated policy.

Debtors also cite *In re Drenttel*, 309 B.R. 320 (B.A.P. 8th Cir. 2004), as standing for the proposition that the federal policy to discourage forum shopping as stated in § 522(b)(3) requires the use of Florida's exemptions in this case. In *Drenttel*, the debtors filed bankruptcy within 90 days of moving from Minnesota to Arizona and claimed Minnesota exemptions to exempt their homestead located in Arizona. The trustee objected and the bankruptcy court sustained the objection. However, on appeal the Bankruptcy Appellate Panel found that the Minnesota homestead exemption statute should be interpreted to allow the exemption of Arizona property and that Minnesota courts have long held that exemption statutes should be liberally construed in favor of debtors. *Drenttel*, 309 B.R. at 326. However, this Court finds that *Drenttel* is distinguishable from this case. First, *Drenttel* was specific to interpreting Minnesota exemption statutes and public policy and should be limited to that context. In this case, the Florida courts have interpreted the Florida constitution and its public policy differently. Second, it appears that the *Drenttel* panel may have been trying to avoid the inequity of the debtors not being eligible to

5

claim either state's exemptions. Here, that problem has been solved by the amendments to the Code which allow for debtors to claim federal exemptions.

Furthermore, Debtors seem to be misconstruing § 522(b)(3). That section does not require that Florida's *exemptions* be applied in this case, rather that Florida's *exemption law* be applied. As discussed above, Florida exemption law is that its exemptions not be given extraterritorial effect. Therefore, Florida's exemptions are not applicable to a homestead and property located outside of Florida, and Debtors cannot claim their exemptions under Florida law for property located in Missouri.

### III.  CONCLUSION

Accordingly, the Court sustains the Trustee's objection to Debtor's claim of exemptions under Florida law in the Missouri property. A separate order will be entered as required by Rule 9021.

Dated:   September 11, 2007             /s/ Dennis R. Dow
                                        THE HONORABLE DENNIS R. DOW
                                        UNITED STATES BANKRUPTCY JUDGE

Copies to:
Michael G. Holcomb
Kimberly S. Athie